DeMOSS, Circuit Judge,
specially concurring:
Because our Court divided evenly in its en banc reconsideration of whether the Hobbs Act, 18 U.S.C. § 1951, can be con *190 stitutionally applied to the robbery of a local retail store in United States v. Hickman, 179 F.3d 230 (5th Cir.1999), I recognize that the holding of a panel of this Court in United States v. Robinson, 119 F.3d 1205 (5th Cir.1997), is still binding precedent and I concur in the judgment of affirmance in this ease.
However, for the reasons stated by Judge Higginbotham in his dissent in Hickman and for the reasons which I have stated previously, see United States v. Hebert, 131 F.3d 514 (5th Cir.1997) (DeMoss, J., dissenting in part); United States v. Miles, 122 F.3d 235 (5th Cir.1997) (DeMoss, J., specially concurring), I remain convinced that by prosecuting local robberies on the theories that (1) the effect of local robberies can be aggregated for purposes of determining an effect on interstate commerce; (2) the taking of cash from a local retail store causes a “depletion of assets” which reduces the ability of that store to participate in interstate commerce; and (3) only a “de minimis effect” on interstate commerce is needed to sustain the applicability of the Hobbs Act to these local robberies, the Department of Justice is stretching the plain language of the Hobbs Act well beyond the bounds contemplated by Congress.
The defendants in this case were put under surveillance by the San Antonio Police Department, were investigated and arrested by the San Antonio Police Department, were charged with violations under Texas law, and had their residence searched with a warrant issued by a state judge. In statements given to San Antonio Police Department detectives, the defendants essentially confessed to committing robberies under Texas law. But for the interposition of the federal prosecutions in this case, these individuals would have been charged, tried, and convicted of violations of the Texas robbery statute.
By its express language, the Hobbs Act makes criminal the conduct of “obstructing, delaying, or affecting commerce between a point in one state and a point in another state by robbery.” There is nothing in the language of the Hobbs Act nor its legislative history that supports a contention that it was intended to make a federal crime out of local robberies that in no way affect that intercourse.
Under the Supreme Court’s decision in United States v. Lopez, 514 U.S. 549, 566-68, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995), the federal courts are charged with the task of drawing a line between criminal conduct which is “truly local” and criminal conduct which is “truly national” in effect. In my view, it is impossible to reconcile the theories upon which the Department of Justice contends that the Hobbs Act should be applied to local robberies with the teaching and analysis set forth by the Supreme Court in Lopez. Sooner or later the Supreme Court must either back down from the principles enunciated in Lopez or rule that the Hobbs Act cannot be constitutionally applied to local robberies. I urge the defendants in this case to seek a writ of certiorari on this point.